| iFITZSIMMONS, Judge,
concurring with reasons.
I respectfully concur in the court’s decision in this appeal. My concurring remarks are limited to the majority’s interpretation of Otis Elevator Company v. Seale, 334 F.2d 928 (5th Cir.1964), which I believe to be misconstrued.
In Otis Elevator Company, the court describes the relationship between Otis Elevator company and the owner of the building as resulting out of “a contract to service the elevator ... [with] “the understanding ... that no one was to perform any work or repairs on it [the elevator] except Otis ....” Otis Elevator Company, 334 F.2d at 929-930. Stated succinctly, Otis had an exclusive repair contract with the owner of the building. Upon charging the jury to respond to the issue of negligence on the part of Otis Elevator Company, the Otis court described the elevator company as “being in the same position as the owner of the Apartment Building, insofar as their direct connection with the elevator is concerned.” Otis Elevator Company, 334 F.2d at 929.
It is submitted that the service contract arrangement in Otis is actually on all fours with the arrangement of the service agreement between Montgomery Elevator Company and the owner of the elevator at issue. Rather than attempting to force an element of distinction between the contractual relationship in Otis and the instant case, a departure from the federal court analysis, to the extent that it might suggest that the service operator’s “garde” of the elevator dictated a standard of care exceeding “reasonable care” in the performance of its services, would be accurate and appropriate.